IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY FRANCES JONSON,

Plaintiff,

12cv1742
v.                                                                    ELECTRONICALLY FILED

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**Memorandum Opinion**

## I.   INTRODUCTION

Mary Fraces Jonson, on behalf of J.L.F. ("Plaintiff"), brings this action pursuant to 42

U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social

Security ("Defendant" or "Commissioner") denying her application for supplemental security

income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 – 1383f ("Act").

This matter comes before the Court upon cross-motions for summary judgment.  Doc. Nos. 8 and

10.  The record has been developed at the administrative level.  For the following reasons,

Plaintiff's Motion for Summary Judgment (doc. no. 10) will be DENIED, and Defendant's

Motion for Summary Judgment (doc. no. 8) will be GRANTED.

## II.   PROCEDURAL HISTORY

Plaintiff, on behalf of her minor child J.L.F. (date of birth 12/4/2001), filed for SSI with

the Social Security Administration on June 18, 2009, claiming an alleged disability onset date of

October 1, 2006.  (Transcript ("Tr.") at 116-122).   Plaintiff was initially denied benefits and a

Request for Hearing was filed.  (Id. at 47-49).  A hearing was scheduled for  May 3, 2001, at

which Plaintiff-Mother Mary Jonson appeared and testified on J.LF.'s behalf .  (Id. at 26-41).

Plaintiff was represented by counsel.  (Id.).   The Administrative Law Judge ("ALJ") issued his

decision denying benefits to Plaintiff on June 9, 2011.  (Tr. at 11-21).  Plaintiff filed a request for

review of the ALJ's decision by the Appeals Council, which request was denied on October 12,

2012, thereby making the decision of the ALJ the final decision of the Commissioner.  (Tr. at 1-

7).  Additionally, Plaintiff filed a new application for SSI on November 9, 2012, which was

granted.

Plaintiff filed her Motion for In Forma Pauperis (IFP) status (which was initially denied,

and thereafter granted)(doc. nos. 1 and 2), and her Complaint in this Court on December 3, 2012,

2012.  (Doc. Nos. 1 & 2).  Defendant filed her Answer on February 5, 2012.  (Doc. No. 5).

Cross-motions for summary judgment followed.  (Doc. Nos. 8 & 10).

**III.    STATEMENT OF THE CASE**

The ALJ made the following findings in denying Plaintiff's application for SSI:

1.  The claimant was born on December 4, 2001.  Therefore, she was a school-
    age child on June 18, 2009, the date application was filed, and is currently a
    school-age child (20 CFR 416.926a(g)(2). (Tr. 15);
2.  The claimant has not engaged in substantial gainful activity since June 18,
    2009, the application date (20 CFR 416.924(b) and 416.971 et seq.). (Id.);
3.  The claimant has the following severe impairments: attention deficit
    hyperactivity disorder (ADHD) with oppositional features and depressive
    symptoms (20 CFR 416.924(c)). (Id.);
4.  The claimant does not have an impairment or combination of impairments that
    meets or medically equals one of the listed impairments in 20 CFR Part 404,
    Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).  (Id.);
5.  The claimant does not have an impairment or combination of impairments that
    functionally equals the listings (20 CFR 416.924(d) and 416.926a).
6.  The claimant has not been disabled, as defined in the Social Security Act,
    since June 18, 2009, the date the application was filed (20 CFR 416.924(a))
    (Tr. 22).

**IV.**     **STANDARD OF REVIEW**

This Court's review is plenary with respect to all questions of law.  *Schandeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).  With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence."  42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F. 3d 43, 46 (3d Cir. 1994).  A United States District Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour Medical Center v. Heckler*, 806 F. 2d 1185, 1190 – 1191 (3d Cir. 1986).  Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).  As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F. 3d 358, 360 (3d Cir. 1999).  "Overall, the substantial evidence standard is a deferential standard of review."  *Jones v. Barnhart*, 364 F. 3d 501, 503 (3d Cir. 2004).

Children seeking SSI benefits must qualify as being disabled under the Act.  *Sykes v. Barnhart*, 84 Fed. Appx. 210, 212 (3d Cir. 2003).  Disability is established when the claimant demonstrates "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(C)(i).

3

Social Security regulations ("regulations") set forth a three-step sequential evaluation process that the Commissioner must follow to determine childhood disability.  20 C.F.R. § 416.924.  When applying the sequential evaluation process, "the burden of proof rests on the claimant at each [of the three] step[s]."  *Bricker v. Astrue*, 2010 WL 4984214, *2 (W.D. Pa. December 2, 2010)(McVerry, J.,).  To establish disability, the claimant must demonstrate: (1) that she was not working; (2) that she had a "severe" impairment or combination of impairments; and (3) that her impairment or combination of impairments met, medically equaled, or functionally equaled the severity of an impairment in the listings. 20 C.F.R. § 416.924.

The regulations provide that to determine whether the child's impairment(s) functionally equal the listings, "[a] child's functional limitations will be evaluated in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself or himself; and (6) health and physical well-being."  *Hairston ex rel. Rowe v. Barnhart*, 54 Fed. Appx. 41, 43 (3d Cir. 2002) (citing 20 C.F.R. § 416.926a(b)(1)(i)-(vi)).

A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in marked limitations in two domains of functioning or an extreme limitation in one domain.  20 C.F.R. § 416.926a(e)(2)).  When the Commissioner considers whether a child has marked or extreme limitations in any domain, he examines the evidence in the record on how the child's functioning is limited because of her impairments and "compare[s] [that child's] functioning to the typical functioning of children her age who do not have impairments."  20 C.F.R. § 416.926a(f)(1).

A marked limitation exists when an impairment interferes seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2)(i).  "Marked

limitation also means a limitation that is more than moderate but less than extreme." 20 C.F.R. §

416.926a(e)(2)(i) (internal quotation marks omitted).  An extreme limitation exists when an

impairment "interferes very seriously with [the] ability to independently initiate, sustain, or

complete activities."  20 C.F.R. § 416.926a(e)(3)(I).  "Extreme limitation also means a limitation

that is more than marked."  *Id*. (internal quotation marks omitted).

To support his or her ultimate findings, an administrative law judge must do more than

simply state factual conclusions.  He or she must make specific findings of fact.  *Stewart v.

Sec'y of Health, Educ. & Welfare*, 714 F. 2d 287, 290 (3d Cir. 1983).  The administrative

law judge must consider all medical evidence contained in the record and provide adequate

explanations for disregarding or rejecting evidence.  *Weir on Behalf of Weir v. Heckler*, 734 F.2d

955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F. 2d 700, 705 (3d Cir. 1981).

In an action in which review of an administrative determination is sought, the agency's

decision cannot be affirmed on a ground other than that actually relied upon by the agency in

making its decision.  In *Sec. & Exch. Comm'r v. Chenery Corp.*, 332 U.S. 194

 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of

this rule in the Social Security disability context.  *Fargnoli v. Massanari*, 247 F. 3d 34, 44, n. 7

(3d Cir. 2001).  Thus, the Court's review is limited to the four corners of the ALJ's decision.

V.    **DISCUSSION**

Plaintiff objects to the determination of the ALJ, arguing: (1) J.L.F. should be found disabled because she has marked limitations in the domains interacting and relating with others and caring for self; and, (2) that the credibility assessment of Plaintiff-Mother was not supported by substantial evidence.  Doc. No. 11 at 11-16.  Defendant counters that substantial evidence supports the ALJ's determinations that: (1) J.L.F.'s limitations did not meet or medically equal any listed impairment, and (2) J.L.F. did not have two marked limitations or one extreme limitation in the six domains of functioning.  Doc. No. 9.

When rendering a decision, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding.  *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (citing *Chenery Corp.*, 318 U.S. at 94).  The ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, but must provide sufficient discussion to allow the Court to determine whether any rejection of potentially pertinent, relevant evidence was proper.  *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter*, 642 F.2d at 706).  In the present case, the ALJ adequately met his responsibilities under the law.

A.    **ALJ properly found less than "marked" limitations, and no limitations in domains of (1) interacting with others, and (2) caring for self, respectively.**

Plaintiff first argues that the ALJ appropriately found J.L.F. to have marked limitations in the domain of attending and completing tasks, but erred in finding less than marked limitation, or no limitations in two other domains: (1) interacting and relating with others, and (2) caring for self, respectively.

A child has a "marked limitation" in a domain when her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2).

Preliminarily, the Court notes that the Commissioner/ALJ must "explicitly" weigh all relevant, probative and available evidence . . . . [and] must provide some explanation for a rejection of probative evidence which would suggest a contrary disposition . . . . The [Commissioner] may properly accept some parts of the medical evidence and reject other parts, but he/she must consider all the evidence and *give some reason for discounting* the evidence he/she rejects." *Adorno*, 40 F.3d at 48 (emphasis added; citations omitted). *See also Fargnoli*, 247 F.3d at 42-43 (Although an ALJ may weigh conflicting medical and other evidence, he or she must give some indication of the evidence that he or she rejects and explain the reasons for discounting the evidence; where an ALJ failed to mention significant contradictory evidence or findings, the Court was left to wonder whether he considered and rejected them, or failed to consider them at all, giving the Court "little choice but to remand for a comprehensive analysis of the evidence consistent with the requirements of the applicable regulations and the law of this circuit. . . ").

**(1) Interacting with Others**

When considering the domain regarding a child's ability to interact and relate with others, the Social Security Regulations explain that a school-aged child without an impairment should be able to develop more lasting friendships, understand how to work in groups, have an increasing ability to understand another's point of view, and be able to talk to people of all ages. 20 C.F.R. § 416.926a(i)(2)(iv).  This domain requires an ability to initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with

others, comply with rules, respond to criticism, and respect and take care of the possessions of others.  20 C.F.R. § 416.926a(i).

Substantial evidence in the record supports the ALJ's decision that J.L.F. had less than a marked limitation in this domain.  Tr. 17-18.  Although J.L.F. demonstrated a willingness to test limits and defy authority at school, the ALJ found that she is able to interact appropriately with her mother, teachers, and the school nurse.  Tr. 18-19, 148, 210, 213.  Also, J.L.F. underwent a mental status examination in January 2010, during which she demonstrated a "positive, and somewhat confident attitude toward the exam."  Tr. 19, 383.  She had no abnormal mannerisms or gestures and was cooperative.  Tr. 19, 383.  Furthermore, as the ALJ found, teacher reports indicated that Plaintiff's social conduct improved with medication.  Tr. 19, 213.  Additionally, Dr. Jonas opined that Plaintiff had a less than marked limitation in this domain (Tr. 285-86).

Plaintiff emphasizes that the Teacher Questionnaire completed by Michele Gaydos on February 6, 2011, stated that J.L.F. had "serious problems" in expressing anger appropriately, interpreting meaning of facial expression, body language, hints, sarcasm, making and keeping friends and seeking attention appropriately.  However, as the ALJ noted J.L.F. "had a tendency to indulge in temper tantrums. . .This was a focus of therapy and her ability to control her anger has improved," . . . "her teachers have confirmed that her conduct and attention both improve when she takes her medication faithfully," and "she can be redirected when her mood becomes seriously negative."  Tr. at 5-6.  The ALJ appropriately weighed the evidence of records, and where conflicts existed, he gave reasons for discounting it.  Accordingly, substantial evidence supports the ALJ's findings of less than a marked limitation in these domains.

**(2) Caring for Yourself**

When considering the domain regarding a child's ability to care for oneself, the Regulations explain that this domains looks at how well a child maintains a healthy emotional and physical state, including how well a child satisfies her physical and emotional wants and needs in appropriate ways. This includes how the child copes with stress and changes in the environment and how well the child takes care of her own health, possessions, and living area. (20 C.F.R. § 416.926a)(k)). A school-age child without an impairment should be independent in most day-to-day activities (dressing and bathing) with occasional reminders, should be able to identify circumstances when she feels good or bad about herself, should begin to develop understanding of right and wrong, should begin to demonstrate consistent control over her behavior (avoiding unsafe behaviors), and should begin imitating more of the behavior of adults she knows. (20 C.F.R. § 416.926a(k)(2)(iv) and SSR 09-7p).

Social Security Regulation 20 C.F.R. § 416.926a(k)(3) and SSR 09-7p provide some examples of limited functioning in this domain, however, as the ALJ correctly noted these examples do not apply to a child of a particular age; rather they cover a range of ages. Some examples of difficulty children could have in caring for themselves are: (i) continues to place non-nutritive or inedible ofject in the mouth (e.g., dirt, chalk); (ii) often uses self-soothing activites that are devlopmentaly regressive such as thumb-sucking or re-chewing food; (iii) does not feed, dress, toilet or bath self age-appropriately; (iv) engages in self-injurious behavior (including refusing to take medicine); (v) does not spontaneously pursue enjoyable activities; (vi) has restrictive or stereotyped mannerisms (e.g., head banging, body rocking); or (vii) has disturbances in eating or sleeping patterns.

The ALJ found that J.L.F. has no limitation in the ability to care for herself.  In support, the ALJ stated that "[s]he handles grooming, dress, hygiene, and other activities in an age-appropriate manner.  There is no allegation of any deficit in this area, and I find none."  Tr. at 20.  Simply put, substantial evidence supports the ALJ's determination in this matter.

With regard to both challenged domains of Interacting and Relating with Others, and Caring for Oneself, substantial evidence supports the ALJ's finding that Plaintiff did not have either a marked limitation, or a limitation at all, respectively.  The Court finds that the ALJ gave an adequate explanation of the evidence he rejected, and the reason for doing so.  Therefore, the ALJ committed no error in this respect.

**B.      Credibility Assessment is Supported by Substantial Evidence**

Plaintiff next argues that the ALJ "appeared to find Plaintiff's mother's testimony to be less than fully credible," Tr. at 15-16, and he "failed to follow the applicable legal standards." Doc. No. 11 at 16.   With regard to credibility findings, the ALJ stated the following:

> The claimant's mother testified that she is in third grade and that her grades are "wonderful."  She testified that the claimant has not had any problems academically, but does have trouble with her behavior in and out of school. She tends to have outbursts and to act disrespectfully in class, she will leave her seat and the classroom without permission, and she makes fun of other children.  She calls other children and even the teacher names.  Ms. Jonson testified that some days are good and some are bad.  When she is at home, the child is more respectful.  She also has trouble getting along with other children. She has been receiving wraparound services for about six weeks.  She had three one-day suspensions for defiant conduct in school.  She does not handle frustration well and it is hard to calm her down when she is upset, but her mother is trying to teach her breathing techniques.  She has destroyed property at home, putting holes in walls, and breaking toys, but she has not been physically aggressive to any child or adult.  She is on Concerta, Ritalin, and Prozac, and she takes her medications every morning.  When she has forgotten to take her medications, she has had to call home from school.  Her mother said that she is not controllable in public, and that she makes faces at people.
>
> *The foregoing testimony was presented in a sincere manner, but the evidence does not persuade the Administrative Law Judge that the claimant's medically*

> *determinable impairments rise to the level of disability.* In terms of the
> claimant's hyperactivity, it has not interfered with her ability to perform well at
> school. She is distractible and often off-task, but she is a quick learner and has
> all age-appropriate academic skills. She certainly has trouble controlling angry
> impulses, and as a result she has endured various levels of school discipline.
> However, her teachers have confirmed that her conduct and attention both
> improve when she take her medication faithfully. She is of at least average
> intelligence. She has an IEP but has not required extraordinary time outside
> the mainstream classroom. She can be redirected when her mood becomes
> seriously negative.

Tr. at 15-16. (internal citations omitted).

An ALJ must consider all medical evidence in the record and provide adequate

explanations for disregarding or rejecting evidence. *Wier on Behalf of Wier v. Heckler*, 734 F.2d

955, 961 (3d Cir. 1984). He or she must also give serious consideration to the claimant's

subjective complaints, even when those assertions are not confirmed fully by objective medical

evidence. See *Mason v. Shalala*, 994 F.2d 1058, 1067-68 (3d Cir.1993); *Welch v. Heckler*, 808

F.2d 264, 270 (3d Cir. 1986). If an ALJ concludes the claimant's testimony is not credible, the

specific basis for such a conclusion must be indicated in his or her decision. *Cotter v. Harris*, 642

F.2d 700, 705 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has

stated: "in all cases in which pain or other symptoms are alleged, the determination or decision

rationale must contain a thorough discussion and analysis of the objective medical and the other

evidence, including the individual's complaints of pain or other symptoms and the adjudicator's

personal observations. The rationale must include a resolution of any inconsistencies in the

evidence as a whole and set forth a logical explanation of the individual's ability to work."

*Schaundeck v. Commissioner of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999).

There is no evidence that the ALJ failed to find Plaintiff-Mother's testimony to be less

than credible. Rather, the ALJ stated that Plaintiff-Mother's testimony was "sincere," simply

that the evidence, when considered as a whole, does not support a finding of disability.

Accordingly, substantial evidence supports the ALJ's credibility assessments.

### VI.   CONCLUSION

It is undeniable that J.L.F. has a number of impairments, and this Court is sympathetic

and aware of the challenges which Plaintiff faces.  However, under the applicable standards of

review and the current state of the record, this Court must defer to the reasonable findings of the

ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security

Act.

Based upon the foregoing, the Court finds that ALJ's decision is supported by substantial

evidence.  Accordingly, Plaintiff's Motion for Summary Judgment (doc. no. 10) will be

DENIED, and Defendant's Motion for Summary Judgment (doc. no. 8) will be GRANTED.  The

decision of the ALJ will be affirmed.  An appropriate Order follows.


*/s Arthur J. Schwab*
Arthur J. Schwab
United States District Judge


cc/ecf:  All counsel of record.